## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| MARILYN R. PICKAREE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-14-3481 |
| | § | |
| ELI LILY PHARMACEUTICAL COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND OPINION

### I.    Background

In December 2014, Marilyn Ruth Pickaree, representing herself, sued Eli Lilly and Company. (Docket Entry No. 1). Pickaree alleged that Eli Lilly failed to adequately warn about the symptoms that may occur when patients taking the prescription antidepressant, Cymbalta, stopped. Pickaree alleged that she suffered symptoms after she took Cymbalta for four to five days ending on April 16, 2008. Pickaree alleged and attached records to her complaint showing that she promptly reported those symptoms to her medical providers and linked them to the Cymbalta. (Docket Entry No. 1, Ex. 10A ("April 18, 2008 emergency room visit: "states feeling nervous and unable to sleep—thinks is [reaction] to Cymbalta")); *see also* (Docket Entry No. 1, Exs. 15B & 30.E). She also alleged that she filed a complaint with the Food and Drug Administration in May 2008 complaining about the effects when she stopped taking the drug. Pickaree sued for herself and a class of similarly situated individuals. She also moved to transfer the venue of this suit. (Docket Entry Nos. 2, 3, 8, 9, 10).

Eli Lilly moved to dismiss, arguing that Pickaree's claim is time-barred and that she may not represent a class. (Docket Entry No. 17). Pickaree responded, and Eli Lilly replied. (Docket Entry Nos. 18, 21). Based on a careful review of the pleadings; the motion, response, and reply; and the

applicable law, this court grants Eli Lilly's motion to dismiss, (Docket Entry No. 17), denies

Pickaree's motions as moot, (Docket Entry Nos. 2, 3, 8, 9, 10), and enters final judgment by separate

order. The reasons for this ruling are explained in detail below.

## II.    The Legal Standard for a Motion to Dismiss Based on the Statue of Limitations

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be

granted." FED. R. CIV. P. 12(b)(6).  "A statute of limitations may support dismissal under Rule

12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings

fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir.

2003).  Under Texas law, "a person must bring suit for . . . personal injury . . . not later than two

years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE § 16.003(a).  In

Texas, "[c]auses of action accrue and statutes of limitations begin to run when facts come into

existence that authorize a claimant to seek a judicial remedy." *Exxon Corp. v. Emerald Oil & Gas*

*Co., L.C.*, 348 S.W.3d 194, 202 (Tex. 2011).  Like most other states, Texas recognizes the discovery

rule, which "tolls the limitations period until a claimant discovers or in the exercise of reasonable

diligence should have discovered the injury caused by the wrongful act of another[.]" *Lozada v.*

*Farrall & Blackwell Agency, Inc.*, 323 S.W.3d 278, 289 (Tex. App.—El Paso 2010, no pet.).  As the

Texas Supreme Court has explained, however:

> [T]he discovery rule does not linger until a claimant learns of actual causes and
> possible cures. Instead, it tolls limitations only until a claimant learns of a wrongful
> injury. Thereafter, the limitations clock is running, even if the claimant does not yet
> know: the specific cause of the injury; the party responsible for it; the full extent of
> it; or the chances of avoiding it.

*PPG Indus., Inc. v. JMB/Houston Centers Partners Ltd. P'ship*, 146 S.W.3d 79, 93–94 (Tex. 2004);

*see also Exxon Corp.*, 348 S.W.3d at 207 (confirming *PPG Industries*'s rule).  When a plaintiff

2

knows that she has been injured, she "must exercise reasonable diligence to investigate the suspected harm and file suit, if at all, within the limitations period." *Exxon Corp.*, 348 S.W.3d at 208. When a cause of action accrues is normally a question of law." *Id.* at *4.

## III.    Analysis

It is apparent from the face of Pickaree's complaint that her claims are barred by limitations. She learned of a potential injury shortly after April 16, 2008, when she stopped using Cymbalta and promptly suffered symptoms. On April 18, 2008, mere days after she stopped taking the drug, she went to the emergency room and reported that she was "feeling nervous and unable to sleep" and thought it was a reaction "to Cymbalta." (Docket Entry No. 1, Ex. 10.A). On April 19, 2008, Pickaree again sought medical attention. Her medical provider noted that all she "wants is [a] re-write of" her Cymbalta prescription. (Docket Entry No. 1, Ex. 15.B). On May 1, 2008, Pickaree filed a MedWatch form with the Food and Drug Administration, stating that Cymbalta was the "suspect product" causing her to experience "withdrawal symptoms after 4 days of use after [she] stopped [Cymbalta] on April 15, 2008." (*Id.*). She attached the MedWatch form to her complaint in this lawsuit.

Pickaree did not file this suit until December 2014, more than six years after she stopped using Cymbalta, experienced the symptoms that sent her to the emergency room and continued medical treatment, and concluded that the Cymbalta caused her problem. Her claims accrued in April 2008 and the discovery rule does not apply to extend the limitations period. *See Porterfield v. Ethicon, Inc.*, 183 F.3d 464, 467 (5th Cir. 1999) (the plaintiff's claims were barred "under the discovery rule" because she "had knowledge that her physical problems were associated with [surgical] mesh no later than April 1994"); *Vaught v. Showa Denko K.K.*, 107 F.3d 1137, 1141 (5th

3

Cir. 1997) (concluding that the plaintiff "made a connection between her physical symptoms," a particular disease, and the ingestion of a particular drug, and that this "knowledge was sufficient . . . to trigger the discovery period"); *Ream v. Biomet, Inc.*, 2012 WL 5245292, at *6 (W.D. Tex. Jan. 26, 2012) (dismissing the plaintiff's claim on limitations grounds because "her allegations conclusively establish[ed] that she discovered her injuries [from prolonged exposure to a post-operative icing device] on or about March 5th, 2006, shortly after suffering them" and failed to bring suit until nearly four years later).

Pickaree acknowledges that she knew enough about her claim in 2008 that she "sought legal action" during that year. She argues that she "was unsuccessful in her undertaking of this litigation" at that time because she could not get legal representation. (Docket Entry No. 18, at 1-2). But Texas law is clear that "[n]either [the] lack of representation nor [the] attempt to acquire counsel" tolls the limitations period under Texas law. *Madis v. Edwards*, 347 F. App'x 106, 108 (5th Cir. 2009) (per curiam); *see also Kelly v. City of Wichita Falls*, 65 F. App'x 508 (5th Cir.2003) (finding that the plaintiff's inability to get a lawyer to pursue his claim is not a basis for equitable tolling of limitations under Texas law); *Robinson v. Dallas Police Dep't*, 275 F.3d 1080 (5th Cir. 2001) (unpublished).

Pickaree relies on cases allowing tolling for plaintiffs with inherently undiscoverable injuries. *See Neagle v. Nelson*, 685 S.W.2d 11, 12 (Tex. 1985) (allowing plaintiff who discovered surgical sponge left in his abdomen more than two years after surgery to proceed with medical malpractice claim, citing the Texas Constitution's open courts provision); (Docket Entry No. 18, at 6-7). These cases do not apply because Pickaree's complaint makes it clear that she did not have an inherently undiscoverable injury. To the contrary, she alleges that in April 2008, right after she took and then

4

stopped taking Cymbalta, she immediately suffered, and sought medical attention for, the symptoms and effects she alleged in the amended complaint she filed in 2014.

Pickaree contends that the limitations periods for health-care liability actions and product liability actions in Texas are 10 and 15 years, respectively, making her claims timely. *See* TEX. CIV. PRAC. & REM. CODE § 16.012; 74.251(b); (Docket Entry No. 23). These provisions are statutes of repose, not statutes of limitations. *See* TEX. CIV. PRAC. & REM. CODE §§ 16.012 (providing that, subject to limited exceptions, "a claimant must commence a products liability action against a manufacturer or seller of a product before the end of *15 years after the date of the sale* of the product by the defendant" (emphasis added)); 74.251(b) ("This subsection is intended as a *statute of repose* so that all claims *must be brought within 10 years* or they are time barred." (emphasis added)). "[A] statute of limitations creates a time limit for suing in a civil case, based on the date when the claim accrued." *CTS Corp. v. Waldburger*, 134 S. Ct. 2175, 2182 (2014) (quotations omitted). "A statute of repose, on the other hand, puts an outer limit on the right to bring a civil action. That limit is measured not from the date on which the claim accrues but instead from the date of the last culpable act or omission of the defendant. A statute of repose bar[s] any suit that is brought after a specified time since the defendant acted (such as by designing or manufacturing a product), even if this period ends before the plaintiff has suffered a resulting injury." *Id.* (quotations omitted). "The statute of repose limit is not related to the accrual of any cause of action; the injury need not have occurred, much less have been discovered." *Id.* "Statutes of repose effect a legislative judgment that a defendant should 'be free from liability after the legislatively determined period of time.'" *Id.* at 2183. A statute of repose may make a claim untimely even though it would otherwise be permitted under a statute of limitations because of tolling provisions. A statute of repose does not revive

5

claims that have already expired under the applicable limitations period. When, as here, a claim has already accrued and the statue of limitations has run, a statute of repose does not save that claim or bring it back to life.

Finally, Pickaree argues that she filed suit within two years after *Saavedra v. Eli Lilly & Co.*, No.2:12-cv-9366-SVW(MANX) (C.D. Cal. Complaint Filed Oct. 31, 2012), was filed. This is a related consumer protection lawsuit that other plaintiffs filed against Eli Lilly. But by October 2012, Pickaree's claims were already barred. Even if Pickaree was not aware "of all the facts involving Eli Lilly" before *Saavedra* was filed, there is "no requirement that [the plaintiff] have actual knowledge of the particulars of the cause of action" for it to accrue. *See Porterfield v. Ethicon, Inc.*, 183 F.3d 464, 467 (5th Cir. 1999). The law is clear that in 2008, Pickaree had ample knowledge to trigger the limitations period, which expired long before she filed the present suit.

The motion to dismiss is granted because, as a matter of law, Pickaree filed suit against Eli Lilly too late for the court to consider her claims.[1]

## IV.    Conclusion

This court grants Eli Lilly's motion to dismiss, (Docket Entry No. 17), and denies Pickaree's motions as moot, (Docket Entry Nos. 2, 3, 8, 9, 10). Final judgment is entered by separate order.

SIGNED on April 16, 2015, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

---

[1] Pickaree's class claims also therefore fail as a matter of law. *See Kelley v. Galveston Autoplex*, 196 F.R.D. 471, 478 n.3 (S.D. Tex. 2000) ("[I]f a sole class representative is time barred, he cannot represent a class."). Without a representative, the class "cannot be certified and its claims cannot survive." *Great Rivers Co-op of Se. Iowa v. Farmland Indus., Inc.*, 120 F.3d 893, 899 (8th Cir. 1997).

6